UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ISABEL TORRES, | Case No. 2:18-CV-10 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| BODEGA LATINA CORPORATION, | |
| Defendant(s). | |

Presently before the court is Isabel Torres's ("plaintiff") motion for partial summary judgment. (ECF No. 40). Bodega Latina Corporation, doing business as El Super ("defendant"), filed a response (ECF No. 46), to which plaintiff replied (ECF No. 47).

Also before the court is defendant's motion for partial summary judgment. (ECF No. 41). Plaintiff filed a response (ECF No. 44), to which defendant replied (ECF No. 48).

**I.  Background**

The instant action arises from plaintiff's three separate slip-and-fall incidents at the defendant's store on Sahara and Decatur. (ECF No. 23). Each incident was captured on surveillance video without sound. (ECF No. 40). The first incident occurred on April 30, 2017. (ECF No. 40 at 2). The video footage shows employees of the store cleaning large amounts of water near the deli counter. (ECF No. 44-4). These employees then place paper towels on the ground to both sides of the deli counter. *Id.* Plaintiff is then seen walking near the side of the counter and subsequently slips and falls. *Id.*

The next incident occurred on August 26, 2017. (ECF No. 44-5). A customer is seen on the video footage spilling liquid near the checkout line. *Id.* The customer is then given paper

**James C. Mahan**
**U.S. District Judge**

towels by a cashier and the customer wipes up the spill. *Id.* Plaintiff walks through the area shortly thereafter and slips and falls. *Id.*

The final incident occurred on March 20, 2018. (ECF No. 44-6). An employee is seen mopping the area near the produce. *Id.* Plaintiff walks through the area later in the footage and once again slips and falls. *Id.*

Plaintiff alleges she suffered numerous injuries from these falls, including neck, low back, hip, leg, and cervical spine pain. (ECF No. 44 at 5–9). Subsequent to these incidents, plaintiff received a number of medical services for her injuries. *Id.* These treatments included surgery, chiropractic care, X-rays, MRIs, injections, and nerve blocks. *Id.*

Plaintiff now moves for summary judgment as to the first and second slip-and-fall incidents, while defendant moves for summary judgment as to the second and third slip-and-fall incidents. (ECF No. 40, 41).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the

absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

Plaintiff brings a negligence claim for each of her slip-and-fall incidents. "It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Entm't*, LLC, 180 P.3d 1172, 1175 (Nev. 2008)). The court will discuss each slip-and-fall incident in turn.

*A. First slip-and-fall incident*

Plaintiff moves for summary judgment for the first incident, arguing all elements of negligence have been met. (ECF No. 40). However, defendant argues that causation cannot be met as to the first incident because plaintiff was contributorily negligent. (ECF No. 46).

Ordinarily, the existence of contributory negligence is a question of fact; it becomes a question of law when the evidence will support no other inference. *Wagon Wheel v. Mavrogan*, 369 P.2d 688 (Nev. 1962). Additionally, all justifiable inferences must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S 574, 587 (1986).

The video footage shows the employees mopping large amounts of water and putting paper towels down where plaintiff could see them. (ECF No. 44-4). Several other customers walked by and noticed the water and avoided falling. *Id.*

Viewing the video footage in the light most favorable to the defendant, a reasonable jury could find that plaintiff was contributorily negligent for not noticing the water. Plaintiff even states in her motion for summary judgment, "[there was] a massive amount of water coming from the left side of the bulk deli counter." (ECF No. 40 at 3).

There is a dispute of material fact whether plaintiff was comparatively negligent for not noticing the water. Thus, plaintiff's motion for partial summary judgment as to the first slip-and-fall is denied.

. . .

. . .

*B. Second slip-and-fall incident*

Both parties move for summary judgment for the second incident. Plaintiff argues that all the elements of negligence have been met. Defendant makes a variety of different arguments both in opposition to plaintiff's summary judgment and in support of its own summary judgment motion. The court agrees with defendant's argument that a dispute exists to whether duty was met. (ECF No. 40, 46).

A business owes a duty to its patrons "to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). Duty is triggered when a temporary hazardous condition is on the property. *Eldorado Club v. Graff*, 377 P.2d 174, 176 (Nev. 1962); *see also Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 (Nev. 1964) ("The presence of a foreign substance on a floor generally is not compatible with the standard of ordinary care."). The owner's duty regarding a temporary hazard varies depending on the condition's cause. *Eldorado Club*, 377 P.2d at 176.

If an agent or employee of the defendant causes the temporary hazardous condition, then "liability may be found upon ordinary agency principles; respondeat superior is applicable, and notice is imputed to the defendant." *Id.* at 175. Alternatively, a defendant may be liable for a temporary hazardous condition caused by third parties if the defendant had either actual or constructive notice of the hazard. *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012). Whether they were under constructive notice of the hazardous condition is, in accordance with the general rule, a question of fact properly left for the jury. *Sprague*, 849 P.2d at 323.

Here, the video footage shows a customer spilling a drink near the checkout line. (ECF No. 44-5). The customer then received paper towels from the employee and cleaned up the area, but there is no sound on the video to determine what the customer said to the employee. *Id.* No employees took further measures to clean the spill, and plaintiff then slipped in the same area a short while later. *Id.*

Because there is no sound in the video, it is unclear whether defendant was on actual or constructive notice about the spill. A reasonable jury could determine that defendant had notice when the employee handed the customer paper towels because the customer told them about the

spill. However, a reasonable jury could also determine that defendant was not told about the spill and that the customer simply asked for paper towels, which would not put defendant on notice.

As this dispute of material fact still exists, both plaintiff's and defendant's partial motions for summary judgment as to the second slip-and-fall incident will be denied.

*C. Third slip-and-fall incident*

Defendant moves for summary judgment for the third incident, arguing that plaintiff will be unable to prove causation or damages because the only witness available to testify will be the expert witness, Dr. Muir.[1] (ECF No. 41). Plaintiff, however, argues that the treating physicians will be able to testify as non-retained experts and are not subject to the expert witness disclosures. (ECF No. 44).

"Generally, a treating physician is not 'retained or specially employed to provide expert testimony'—a treating physician is a percipient witness of the treatment he rendered—and therefore he is not subject to the written report requirement." *Goodman v. Staples the Office Superstore*, 664 F.3d 817, 824 (9th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993)).

Instead, the only required disclosures for treating physicians are for "the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705 and a summary of facts and opinions to which the witness is expected to testify." Fed. R. Civ. P 26(a)(2)(C).

Here, plaintiff has met both requirements. Plaintiff provided a list of treating physicians, along with both the subject matter and a summary of facts and opinions that the witnesses are expected to testify on. (ECF No. 44-1 at 100). Plaintiff will be able to provide testimony from the treating physicians, to the extent they formed those opinions during the course of her treatment, for both causation and damages without transforming the witnesses into experts.

---

[1] Defendant also makes this argument for second incident. The court holds that this analysis would apply the same for both incidents.

James C. Mahan
U.S. District Judge

- 6 -

There is a genuine issue of material fact regarding causation and damages, as the court does not have testimony from the treating physicians currently.

Thus, defendant's partial motion for summary judgment as to the third slip-and-fall incident will be denied.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for partial summary judgment (ECF No. 40) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment (ECF No. 44) be, and the same hereby is, DENIED.

DATED March 16, 2020.

_____
UNITED STATES DISTRICT JUDGE